UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-21075-CIV-MORENO

ALICE ALYSE,

    Plaintiff,

vs.

ERIC A. SPROSTY, TWYLA THARP, ABBIE M. STRASSLER, EMANUEL AZENBERG, JAMES L. NEDERLANDER, SCOTT E. NEDERLANDER, TERRY ALLEN KRAMER, HAL LUFTIG, CLEAR CHANNEL ENTERTAINMENT, a Foreign Corporation, MOVIN' OUT TOUR COMPANY, L.P., a Limited Partnership, IRON MOUNTAIN PRODUCTIONS, INC., a Foreign Corporation, LIBERTY MUTUAL INSURANCE, a Stock Insurance Company,

    Defendants.
_____/

## **ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

THIS CAUSE came before the Court upon the Renewed Motion of Defendants (Not Including Liberty Mutual) to Dismiss **(D.E. No. 66)**, filed on **April 30, 2007**.

THE COURT has considered the motion, the response, the reply and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendants' argument that Plaintiff failed to exhaust the grievance procedure in the union collective bargaining agreement is an affirmative defense. This Court cannot grant a Motion to Dismiss based on an affirmative defense. This Court cannot treat the Motion to Dismiss as a Motion for Summary Judgment because the Plaintiff has yet

to file an answer pleading the affirmative defense.

## I.  BACKGROUND

Plaintiff Alice Alyse is a ballerina. Ms. Alyse is a member of the Actors' Equity Association, a union. Ms. Alyse signed the Actors' Equity Association Standard Minimum Production Contract with Movin' Out Tour Company in 2003. The contract provides that Ms. Alyse perform a part in the Broadway Show "Movin' Out." The contract incorporates the Actors' Equity Association Rules. The Actors' Equity Association Rules include a grievance procedure to address disputes between an actor and a production company (in this case, Movin' Out Tour Company). The grievance procedure includes provisions for arbitration if the union deems arbitration appropriate.

Ms. Alyse has a dispute with Movin' Out Tour Company. Ms. Alyse alleges that individuals employed by Movin' Out Tour Company harassed her and wrongfully terminated her. Ms. Alyse individually and through her counsel exchanged letters with Movin' Out Tour Company about the dispute. Ms. Alyse claims that all of these letters were copied to the Actors' Equity Association. It is unclear whether Ms. Alyse directly asked Actors' Equity Association to initiate the grievance procedure. Actors' Equity Association did not initiate the grievance procedure outlined in the Actors' Equity Association Rules.

Ms. Alyse filed a lawsuit against Movin' Out Tour Company, other entities associated with Movin' Out Tour Company, individuals employed by Movin' Out Tour Company, and Liberty Mutual Insurance Company (Movin' Out Tour Company's worker compensation insurer) in Florida state court. Defendants removed the lawsuit to this Court on April 28, 2007. This Court remanded all but three causes of action to state court because this Court did not have jurisdiction over those state claims. *See* Order Granting in Part and Denying in Part Plaintiff's Motion to Remand **(D.E.**

**No. 59**) issued on March 29, 2007. This Court retained three causes of action that this Court ruled present federal questions under the Labor Management Relations Act ("LMRA"). Those causes of action include (1) breach of contract, (2) negligence and negligent supervision, and (3) wrongful termination. This Court reasoned that these three causes of action require interpretation of a collective bargaining agreement (the Actors' Equity Association Rules) and thus present federal questions under the LMRA. *Id*.

Ms. Alyse filed another lawsuit against the Actors' Equity Union and other defendants on June 28, 2006. That lawsuit alleges that Actors' Equity Union breached its duty to fairly represent Ms. Alyse because the Actors' Equity Union did not initiate the grievance procedure against Movin' Out Tour Company. That lawsuit is pending before the Honorable Adalberto Jordan. The case number is 06-CIV-21627-JORDAN.

## II.  STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. Cannon v. Macon County, 1 F.3d 1558, 1565 (11th Cir. 1993). The Court must limit its consideration to the pleadings and any exhibits attached to the pleadings. GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

## III.  ANALYSIS

Defendants argue in their Motion to Dismiss that Ms. Alyse cannot prosecute this lawsuit because Ms. Alyse did not initiate the grievance procedure against Movin' Out Productions as required by the Actors' Equity Association Rules. Plaintiff filed her response to the Motion to Dismiss *pro se*.[1] Ms. Alyse argues that she is excused from the grievance procedure because Actors' Equity Association violated its duty of fair representation to Ms. Alyse by not initiating the grievance procedure after receiving notice of the dispute. *See* Hines v. Anchor Motor Freight, Inc., 424 U.S. 554 (1975).

The failure to exhaust the union grievance procedure is an affirmative defense, not a jurisdictional bar. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2nd Cir. 1988). This Court cannot grant an affirmative defense in a motion to dismiss. *Id*. This Court can grant an affirmative defense in a motion for summary judgment. *Id.* This Court has the discretion to treat a motion to dismiss as a motion for summary judgment when appropriate. *Id.* Defendants, however, have yet to answer the complaint. This Court cannot grant a motion for summary judgment based on an affirmative defense that Defendants have yet to plead in an answer. *Id.* Defendant's Motion to Dismiss is therefore denied.

Defendants may raise this issue in a motion for summary judgment after pleading the affirmative defense that Ms. Alyse did not exhaust the union grievance procedure. This Court is mindful that the ultimate issue presented in that affirmative defense (whether or not Actors' Equity Association violated its duty of fair representation) is similar to the ultimate issue pending in the case before Judge Jordan. It is clear to this Court how the defense of failure to exhaust the grievance

---

[1] Plaintiff is now represented by counsel.

-4-

procedure applies to Defendant Movin' Out Productions. It is not clear to this Court, however, how the affirmative defense applies to the other Defendants because the contract under dispute (on its face) does not bind all of the Defendants in this lawsuit. This Court welcomes briefing on these issues in the future when appropriate.

### IV.  CONCLUSION

The Renewed Motion of Defendants (Not Including Liberty Mutual) to Dismiss **(D.E. No. 66)** is denied because the issues presented are appropriate for determination on motion for summary judgment and Defendants have yet to file an answer containing the affirmative defense that Ms. Alyse did not exhaust the union grievance procedure.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of December, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record